NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0141n.06

No. 14-1383

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Feb 24, 2015*
DEBORAH S. HUNT, Clerk

COVENANT MEDICAL CENTER, INC.       )
                                    )
    Plaintiff-Appellant,         )
                                    )
v.                                  )       ON APPEAL FROM THE
                                    )       UNITED STATES DISTRICT
SECRETARY OF HEALTH AND HUMAN       )       COURT FOR THE EASTERN
SERVICES, Sylvia Mathews Burwell,   )       DISTRICT OF MICHIGAN
                                    )
    Defendant-Appellee.          )
                                    )

Before:   McKEAGUE and KETHLEDGE, Circuit Judges; BERTELSMAN, District Judge.[*]

KETHLEDGE, Circuit Judge.  Covenant Medical Center and another hospital jointly fund the Synergy Medical Education Alliance.  Synergy in turn operates an offsite clinic where Covenant's residents provide medical care to patients.  The Department of Health and Human Services denied Covenant's request for reimbursement under the Medicare statute for Covenant's costs at Synergy for fiscal years 1999-2006.  Covenant challenged that denial administratively and then filed this lawsuit.  In a thoroughly reasoned opinion, the district court granted summary judgment to the Department.  We affirm.

I.

Under the Medicare statute, the Department reimburses hospitals for costs associated with residency programs.  *See* 42 U.S.C. § 1395ww(h).  Special rules govern reimbursement for

---

[*] The Honorable William O. Bertelsman, Senior Judge for the Eastern District of Kentucky, sitting by designation.

programs at offsite clinics like Synergy. *See id.* § 1395ww(d)(5)(B)(iv), (h)(4)(E). To qualify for reimbursement for such programs before 2010, a hospital had to meet two requirements. First, the hospital had to show that it incurred "all, or substantially all" of the costs of the offsite training program. *Id.* § 1395ww(h)(4)(E)(i). As interpreted by the Department, this requirement barred reimbursement for programs—like Synergy—that are funded by two or more hospitals. Second, to prove that a hospital had in fact incurred the costs of offsite residents, the Department required hospitals to have a written agreement with the offsite facility.

To be reimbursed under Medicare, hospitals must submit annual cost reports to an independent contractor. The contractor then audits the reports and decides how much Medicare should pay the hospital. A hospital that disagrees with the contractor's decision has two potential remedies. First, the hospital may appeal the contractor's decision to the Provider Reimbursement Review Board and, if necessary, challenge the Board's decision in federal court. 42 U.S.C. § 1395oo(a), (f). Second, a hospital may ask the contractor or the Department to "reopen" (*i.e.*, reconsider) a cost report. 42 C.F.R. § 405.1885. The decision whether to reopen a "settled" cost report is ordinarily within the Department's discretion, and thus ordinarily is not subject to judicial review. *See Your Home Visiting Nurse Services v. Shalala*, 525 U.S. 449, 457 (1999).

Here, for fiscal years 1999-2006, a Department contractor denied reimbursement for Covenant's costs at Synergy. Covenant appealed to the Board, which first considered Covenant's appeals for fiscal years 1999-2001. The Board ruled that Covenant was entitled to reimbursement for its costs at Synergy. But the Department reversed, reasoning that Covenant had not incurred "substantially all" of Synergy's costs, and moreover did not have the required written agreement. Covenant then sued the Department in federal court, challenging, among

other things, the Department's interpretation of the "substantially all" rule and the validity of the written-agreement requirement. The district court granted summary judgment for the Department, and Covenant appealed to this court. *See Covenant Medical Center, Inc. v. Sebelius (Covenant I)*, 424 Fed. Appx. 434, 436 (6th Cir. 2011). Meanwhile, Covenant's appeals for fiscal years 2002-2006 remained pending before the Board.

In March 2010—after both parties had filed their opening briefs in *Covenant I* but before our court decided that appeal—Congress passed the Affordable Care Act (ACA, or Act). The Act relaxes the reimbursement standards for offsite facilities in two ways. First, it removes the "all or substantially all" requirement, instead allowing a hospital to obtain reimbursement if it "incurs the costs of the stipends and fringe benefits" of residents at an offsite facility. 42 U.S.C. § 1395ww(h)(4)(E)(ii); ACA § 5504(a)(3). Second, the Act allows reimbursement for jointly funded clinics like Synergy. *Id.*

After the Act became law, Covenant argued in a supplemental brief in *Covenant I* that § 5504(c) requires the Department to reopen Covenant's cost reports for 1999-2001 and to apply the Act's new standards retroactively to those years. We affirmed the district court's judgment in favor of the Department without addressing that argument. *See Covenant I*, 424 Fed. Appx. 434.

Covenant then asked the Board for expedited judicial review of its separate appeals for fiscal years 2002-2006. The Board granted Covenant's request, and Covenant filed this lawsuit. The district court granted summary judgment to the Department. This appeal followed.

II.

We review de novo the district court's grant of summary judgment to the Department. *Kroll v. White Lake Ambulance Authority*, 763 F.3d 619, 623 (6th Cir. 2014).

A.

As an initial matter, the Department argues that our decision in *Covenant I* impliedly rejected Covenant's argument that the ACA's reimbursement standards apply retroactively— which, the Department says, would mean that the doctrine of issue-preclusion bars the same argument here. That doctrine "bars repetitive litigation of the same issue between the same parties." *Amos v. PPG Industries*, 699 F.3d 448, 451 (6th Cir. 2012). The doctrine applies only if three requirements are met: first, the issue must have been actually litigated in an earlier case; second, a court must have necessarily decided the issue pursuant to a final judgment; and third, the loser must have had a "full and fair opportunity to litigate the issue." *Id.* The doctrine does not apply if we have "reason to doubt the quality, extensiveness, or fairness of procedures" in the earlier litigation. *Montana v. United States*, 440 U.S. 147, 164 n.11 (1979).

Covenant focuses on the third requirement here, arguing that it did not have a full opportunity in *Covenant I* to litigate the question whether the ACA's reimbursement requirements apply retroactively. Covenant had already lost in the district court when the ACA became law, so Covenant could not raise the retroactivity issue there. And the parties had already filed their briefs in *Covenant I* when the ACA became law, so on appeal Covenant could raise that issue only in its reply brief, R. 27-1 at 35-36, a Rule 28(j) letter, R. 27-3 at 2, and in letters challenging the Department's response to the Rule 28(j) letter, R. 27-4, 27-5, 27-7. A reply brief is not a place to make new arguments, *Kuhn v. Washtenaw County*, 709 F.3d 612, 623 (6th Cir. 2013); a Rule 28(j) letter is limited to 350 words, Fed. R. App. P. 28(j); and the parties' discussion of § 5504(c) in the other letters was tangential at best. Moreover, the panel's opinion makes no mention of Covenant's arguments about the Act's new standards. Thus, Covenant did not have a "full and fair" opportunity to litigate the question whether the Act's new standards

apply to Covenant's cost reports. Issue preclusion therefore does not bar Covenant's retroactivity argument here.

## B.

Covenant challenges several aspects of the Department's interpretation of § 5504 as amended by the ACA. Specifically, Covenant challenges the Department's determinations that § 5504(c) never requires reopening a settled cost report, and that the new standards in § 5504(a) and (b) are prospective only. In considering those challenges, we first apply the ordinary tools of statutory interpretation to determine if "Congress has directly spoken to the precise question at issue." *City of Arlington v. FCC*, 133 S. Ct. 1863, 1868 (2013) (internal quotation marks omitted). If a statute's text answers the question, "that is the end of the matter." *Id.* (internal quotation marks omitted).

Here, the Act expressly states that its new reimbursement standards take effect "on or after July 1, 2010." 42 U.S.C. § 1395ww(d)(5)(B)(iv), (h)(4)(E)(ii); ACA § 5504(a)(3), (b)(2). And the Act leaves in place the old standards for cost-reporting periods "beginning before July 1, 2010." 42 U.S.C. § 1395ww(h)(4)(E)(i); ACA § 5504(a)(1). By the plain terms of those provisions, therefore, the Act's new standards are not retroactive to Covenant's appeal for fiscal years 2002-2006.

But Covenant argues that § 5504(c) governs the retroactivity issue here. That subsection provides: "The amendments made by this section shall not be applied in a manner that requires reopening of any settled hospital cost reports *as to which there is not a jurisdictionally proper appeal pending* as of" March 23, 2010. ACA § 5504(c) (emphasis added). Covenant reads this language implicitly to require the Department to reopen cost reports for which appeals *were* pending on March 23, 2010. And Covenant's appeals for fiscal years 2002-2006 were pending

on that date. Covenant thus contends that the Department must reopen its cost reports for those years.

That reopening would be futile, however, if the Department applied the same pre-ACA standards by which it denied reimbursement to Covenant in the first place. And the ACA expressly states that the pre-ACA standards apply to the fiscal years at issue here (2002-2006) and that the ACA's new standards do not apply those years. *See* 42 U.S.C. § 1395ww(d)(5)(B)(iv), (h)(4)(E)(ii); ACA § 5504(a)(3), (b)(2).

But Covenant asks us to read a second implication into § 5504(c), namely, that the effective dates that Congress so plainly stated in § 5504(a) and (b) do not apply in appeals pending on the day the Act became law. Covenant thus asks us to make two assumptions: first, as discussed above, that § 5504(c) implicitly requires the Department to reopen cost reports for which an appeal was pending on the date the Act became law; and second, that Congress wanted the Act's new standards to apply retroactively to those cost reports. The first assumption—on which we take no position here—at least has some connection to the Act's text. But the text expressly refutes the second: §§ 5504(a) and (b) state in plain and categorical terms that the Act's new reimbursement rules do not apply to prior fiscal years, and that the old reimbursement rules do apply to those years. Moreover, in the very next section of the ACA, Congress expressly made other parts of the Act retroactive. *See* ACA § 5505(c). That language in turn creates a negative implication of its own: that Congress did *not* want the Act's reimbursement rules to be retroactive, period. Whatever one thinks of the first implication that Covenant reads into § 5504(c), therefore, the second is an implication too far.

Covenant's best argument is that, if we read the Act literally, § 5504(c) is superfluous. Normally we try to avoid that result when construing statutory text. *Doe v. Boland*, 698 F.3d

877, 881 (6th Cir. 2012). And Covenant is correct that, if § 5504(c) does not require reopening here, then § 5504(c) probably does not do much of anything. The Department, for its part, provides us little reason to think otherwise. But again, reopening itself is not enough for Covenant to obtain any relief in this appeal; rather, it needs reopening plus retroactivity, which again § 5504(a) and (b) expressly forbid. Meanwhile, the presumption against superfluous language is not absolute: "There are times when Congress enacts provisions that are superfluous." *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2249 (2011) (internal quotation marks omitted). For purposes of this case, we conclude that this is one of those times.

Finally, Covenant argues that an implementing regulation, 42 C.F.R. § 413.78, supports Covenant's reading of § 5504(c). That regulation formerly said that § 5504(c)'s new standards "cannot be applied in a manner that would require reopening of settled cost reports, *except those cost reports on which there is a jurisdictionally proper appeal pending*" as of March 23, 2010. 79 Fed. Reg. 49854-01, 50118 (2014) (emphasis added). But the Department has since amended § 413.78, which now says that the new reimbursement standards do not apply to "[c]ost reporting periods beginning before July 1, 2010." 42 C.F.R. § 413.78(g)(6). And a new version of a regulation supersedes the old version as soon as an agency adopts it in a final rule. *Smiley v. Citibank*, 517 U.S. 735, 741-42 (1996). Thus, in summary, the Department's current interpretation is consistent with the statute.

The district court's judgment is affirmed.